# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| WAYNE AUGUST HUSSAR,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE TOUCHETTE, et al.,<br><br>Defendants. | Cause No. CV-11-00011-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

Currently pending are Plaintiff Wayne Hussar's Motion for Leave to Proceed in Forma Pauperis (C.D. 1), proposed Complaint (C.D. 2), and Motion for Speedy Judgment.  (C.D. 4).  The review mandated by 42 U.S.C. § 1915 reveals that Mr. Hussar's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) and/or they fail to state a claim upon which relief may be granted. Therefore, the motion to proceed in forma pauperis will be granted, the Complaint will be recommended for dismissal, and the motion for speedy judgment denied as moot.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties.  This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Hussar's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983.  Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.  Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Hussar submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Hussar is required to pay the statutory filing fee for this action of $350.00.  Mr. Hussar has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.

The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).

By separate order, the agency having custody of Mr. Hussar will be directed to

forward payments from Mr. Hussar's account to the Clerk of Court each time the

amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

Mr. Hussar's Complaint shall be deemed filed as of the date the Motion to

Proceed in Forma Pauperis was filed and the proposed complaint was delivered to

the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279,

280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d

1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when

delivered to clerk of court).

## III.  STATEMENT OF CASE

### A.    Parties

Mr. Hussar is a prisoner proceeding without counsel.  He is incarcerated at

Crossroads Correctional Center in Shelby, Montana.

The named defendants are Mike Touchette, probation and parole officer with

the Helena Probation and Parole Office; Mike Ferriter, Director of the Montana

Department of Corrections; and Mike Mahoney, Warden of the Montana State

Prison.  (C.D. 2, p. 3, ¶ III).

### B.    Allegations

Mr. Hussar alleges he was falsely charged with two federal charges that were dismissed and he was wrongfully incarcerated on October 1, 2009.  He contends he was in the M.A.S.C. program waiting to go to the Helena T.A.P.S. program but on May 24, 2010 he was transferred to prison on a federal detainer. On October 8, 2010, his federal charges were dismissed due to perjury on a A.T.F. report filed by Mike Touchette on April 16, 2010.

Mr. Hussar seeks a full pardon and release from prison, parole, or placement in Helena's T.A.P.S. program.

## IV. SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.    Standard

As Mr. Hussar is a prisoner proceeding in forma pauperis, his Complaint is subject to review under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles."  *Iqbal,* 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  *Iqbal,*

129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'."  *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under *Iqbal*).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## V.  ANALYSIS

"To prevail on [a] § 1983 claim for false arrest ... [a plaintiff must]

demonstrate that there was no probable cause to arrest him."  *Cabrera v. City of*

*Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (per curiam).  An officer "is

entitled to qualified immunity on a false arrest claim if a reasonable officer in his

position could have believed that probable cause existed."  *Norse v. City of Santa*

*Cruz*, 629 F.3d 966, 978 (9th Cir. 2010)(*citing Ramirez v. City of Buena Park*, 560

F.3d 1012, 1024 (9th Cir. 2009).

Prior to the filing of this Complaint, Mr. Hussar filed what was construed as

a petition for writ of habeas corpus under 28 U.S.C. § 2254.  See Civil Action No.

11-CV-0007-H-DWM-RKS.[1]  The exhibits attached to that petition demonstrate

that Mr. Hussar pled guilty to criminal endangerment on January 8, 2009.  On

January 15, 2009, imposition of sentence was deferred for two years, conditioned

on Mr. Hussar's compliance with certain conditions of supervision.  (Civil Action

11-CV-007-H-DWM-RKS, C.D. 1-1, pp. 7-11:  Judgment, State v. Hussar, No.

CDC 1008-461 (Mont. 1st Jud. Dist. Jan. 15, 2009)).  Mr. Hussar's probation

_____

[1]A court may take judicial notice of its own as well as other courts' records.
*See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly*
(*In re Kelly*), 841 F.2d 908, 911 n.1 (9th Cir. 1988).

Order and Findings and Recommendations of United States Magistrate
Judge to Dismiss Case –CV-11-00011-H-DWM-RKS / Page 8

officer filed a report of violation on August 18, 2009 and an addendum to the August report on October 2, 2009 listing a number of alleged violations of the conditions of Hussar's conditional release.  (Civil Action 11-CV-007-H-DWM-RKS, C.D. 1-1, pp. 17-23).  The October 2, 2009 addendum alleged that on October 1, 2009, Mr. Hussar's supervising probation officer found a firearm and alcohol in Hussar's bedroom, and that Hussar had been untruthful with him.  Mr. Hussar indicated on the probation report that he admitted to the possession of alcohol allegation.  In fact, Hussar indicated he had violated a number of conditions of his release including possessing alcohol, failing to report as directed to his probation officer, violating a municipal ordinance by setting off fireworks within city limits, and using marijuana.  Id. at 17-22.

Mr. Hussar admitted some probation violations and denied others when he appeared in Court on October 29, 2009.  He also presented "an acknowledgment of waiver of rights by admissions to petition to revoke."  (Civil Action 11-CV-007-H-DWM-RKS, C.D. 1-1, p. 24:  Judgment at 1, State v. Hussar, No. CDC 2008-461 (Mont. 1st Jud. Dist. Dec. 22, 2009)).  The state trial court found that Hussar violated the terms of his deferred sentence.  *Id.*  On December 21, 2009, the previously deferred sentence was imposed, and Mr. Hussar was committed to the

custody of the Department of Corrections for three years.  *Id.*  Hussar was given credit for time served between October 1, 2009 and December 17, 2009.  (*Id.*).

On March 17, 2010, Mr. Hussar was indicted in federal court on one count of being a felon in possession of a firearm and one count of being in possession of a firearm with an obliterated serial number.  Mr. Hussar had his initial appearance before United States Magistrate Judge Jeremiah Lynch on August 24, 2010.  On October 4, 2010, the government filed an unopposed motion to dismiss which was granted on October 8, 2010.  (Criminal Action No. 10-CR-0006-M-DWM).

As this Court found with regard to the habeas petition, Hussar's own exhibits prove that his arrest and incarceration were not based solely on the charge that he possessed a firearm and ammunition on October 1, 2009. (Civil Action 11-CV-007-H-DWM-RKS, C.D. 1-1, p. 18).  Mr. Hussar was arrested in part because he was found in possession of alcohol on October 1, 2009, a violation which he admitted.  Therefore, there was probable cause to arrest Mr. Hussar and there is no basis upon which to bring a false arrest claim against these Defendants.  *See Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007)("probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause.").

Mr. Hussar's challenge of his current incarceration is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 486-87.

Mr. Hussar's current incarceration is based on the revocation of his probation, a conviction which has not been reversed or otherwise declared invalid. In fact, Mr. Hussar submitted an Order from the Montana Supreme Court in his habeas case indicating his motion for leave to file an out of time appeal was denied on January 11, 2011. (Civil Action No. 11-CV-0007-H-DWM, C.D. 1-1, pp. 4-5). Accordingly, any claims challenging Mr. Hussar's current imprisonment are barred by the *Heck* doctrine.

## VI. CONCLUSION

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS CASE –CV-11-00011-H-DWM-RKS / PAGE 11

### A.  Leave to Amend

For the reasons set forth above, Mr. Hussar's Complaint is frivolous.  Given the facts in Mr. Hussar's Complaint and the documents provided by Mr. Hussar in his habeas action, it is clear the defects set forth above could not be cured by the allegation of other facts.  As such, Mr. Hussar's Complaint should be dismissed.

### B.  Motion for Speedy Judgment Appointment of Counsel

In light of the Court's recommendation to dismiss the Complaint, the motion for speedy judgment is moot.

### C.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Mr. Hussar's allegations are frivolous.

### D.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the
district-court action, or who was determined to be financially unable
to obtain an adequate defense in a criminal case, may proceed on
appeal in forma pauperis without further authorization, unless:

(A) the district court-before or after the notice of appeal is
filed-certifies that the appeal is not taken in good faith or finds that the
party is not otherwise entitled to proceed in forma pauperis and states
in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good

faith."  The good faith standard is an objective one.  *See Coppedge v. United

States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*,

558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For

purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law

or fact.  *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225

(9th Cir. 1984).

The frivolous nature of Mr. Hussar's claims is so clear no reasonable person

could suppose an appeal would have merit.  Therefore, the Court should certify

that any appeal of this matter would not be taken in good faith.

### E. Address Changes

At all times during the pendency of these actions, Mr. Hussar SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."
The notice shall contain only information pertaining to the change of address and
its effective date.  The notice shall not include any motions for any other relief.
Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal
of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Hussar's Motion for Leave to Proceed in forma pauperis (C.D. 1) is
**GRANTED.**  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to
remove the word "LODGED" and the Complaint is **DEEMED FILED** on March
2, 2011.

3.  Mr. Hussar's Motion for Speedy Judgment (C.D. 4) is denied as moot.

Further the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Hussar's Complaint should be dismissed as frivolous.

2.  The Clerk of Court should be directed to close this matter and enter
judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hussar's claims are frivolous.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hussar may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE –CV-11-00011-H-DWM-RKS / PAGE 15

Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of March, 2011.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE –CV-11-00011-H-DWM-RKS / PAGE 16