

MAY 06 2011

PATRICK E. DUFFY, CLERK
By______
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WAYNE AUGUST HUSSAR, Plaintiff, v. MIKE TOUCHETTE, et al., Defendants. | ) | CV 11-11-H-DWM-RKS ORDER |

Plaintiff Wayne August Hussar, a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. He alleges he was wrongfully arrested and then incarcerated based on false charges that he possessed a firearm. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendations on March 21, 2011. Judge Strong found no basis for a false-arrest claim because the arrest was supported by Hussar admitting to possessing alcohol, a violation of his parole conditions. Judge Strong

also found Hussar's challenge to his incarceration to be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Based on these findings, Judge Strong recommended the Complaint be dismissed as frivolous.

Hussar filed a variety of motions and briefs responding to Judge Strong's Findings and Recommendations. See dkt ## 7-12. The Court construes these filings as objections. Accordingly, Hussar is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Hussar's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Hussar acknowledges that he admitted at the time of arrest to possessing alcohol, but he now objects that his admission was a lie. The objection is irrelevant. At the time he was arrested the officer had probable cause to arrest him based on the presence of beer and Hussar's admission. Hussar also objects that he was told he was arrested for possession of a firearm, not alcohol. Even if true, the fact is immaterial. The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."

Devenpeck v. Alford, 543 U.S. 146, 153 (2004).[1]

I also agree with Judge Strong that any wrongful incarceration claim is Heck barred. On April 18, 2011, this Court denied Hussar's habeas petition challenging his incarceration, noting his conviction followed admissions to not only possessing alcohol, but also possessing marijuana, violating a municipal ordinance, and failing to report to his probation officer. See CV 11-07-H-DWM-RKS dkt #11. Hussar has not proven his conviction has been reversed, expunged declared invalid, or otherwise called into question by the issuance of a writ of habeas corpus. See Heck, 512 U.S. at 487. Without so much, the challenge to his incarceration is barred.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #5) are adopted in full.

IT IS FURTHER ORDERED that

1. the Complaint (dkt #2) is DISMISSED as frivolous;

2. the Clerk shall close this matter and enter judgment pursuant to Rule

---

[1]Moreover, even viewing the pleading in the light most favorable to Hussar, the facts alleged do not destroy the existence of probable cause that he possessed a firearm. Hussar alleges his probation officer lied about comments made concerning his wife's firearm, (see dkt ## 8, 12-2), but there is no corresponding allegation that Hussar was not found by his probation officer with a firearm.

58 of the Federal Rules of Civil Procedure;

3. the docket shall reflect that Plaintiff's filing of this action counts as a strike under 28 U.S.C. § 1915(g); and

4. the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 6th day of May, 2011.

Donald W. Molloy, District Judge
United States District Court